IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY FIEBIG, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>LUTHER BURBANK SAVINGS, et, al.,<br><br>      Defendants.<br>_____/ | No.  C 12-00755 YGR<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

On February 16, 2012, just before 11:00 a.m., Plaintiffs filed an application for a Temporary Restraining Order (TRO), in which they seek to stop a trustee sale scheduled at noon on the same day.  At the time of filing, the Plaintiffs had not served the defendants.

For the reasons set forth below, the Court DENIES Plaintiffs' application for a temporary restraining order.

Rule 65 of the Federal Rules of Civil Procedure regard that actual notice must be given to the opposing party of the intention to seek a TRO, the date and time for the hearing and the nature of the relief requested.  Unless notice is provided, a plaintiff must provide a certified showing of extraordinary circumstances why such notice could not have been given.  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006).  Here, the Court has not been provided with any declaration under penalty of perjury justifying the delay in seeking this TRO.  A TRO is a drastic remedy and accordingly can only be given under proper circumstances.

**IT IS SO ORDERED.**

Dated: February 16, 2012

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE